UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>           Plaintiff,<br><br>v.<br><br>JEREMY DAVID HANSON,<br><br>           Defendant. | Docket No. 22-CR-30013-MGM<br>Docket No. 22-CR-30038-MGM |

**GOVERNMENT'S RESPONSE TO DEFENDANT'S SENTENCING MEMO**

The United States of America, by and through Rachael S. Rollins, United States Attorney for the District of Massachusetts, and Assistant United States Attorney Steven H. Breslow, hereby files its response to the Sentencing Memo for the defendant Jeremy David Hanson ("Hanson" or "the defendant") (D.52).

In the Government's Sentencing Memo (D. 49 and 08), the Government stated that the Probation Department correctly applied the hate crime enhancement of Section 3A1.1(a) even through the victims of the two charged threats were not members of a class specified by the Guideline. In the defendant's Sentencing Memo, the defense argues otherwise, without a single case to support its theory. D52, at 7-9.

By its very terms, the Guideline clearly does not limit the enhancement to targeting victims based upon their own status of a protected class. Rather, it encompasses the selection of "any victim" based upon the actual or perceived status of "any person." The Guideline clearly contemplates that the "victim" and the "person" need not be the same.

The Guideline's use of the word "any" requires the broadest possible reading. "Read naturally, the word 'any' has an expansive meaning, that is, 'one or some indiscriminately of whatever kind.'" *United States v. Gonzales*, 520 U.S. 1, 5 (1997) (quoting Webster's Third New

International Dictionary 97 (1976).  Thus, in *Gonzales*, the Supreme Court construed the phrase "any other term of imprisonment" in 18 U.S.C. § 924(c) broadly, reasoning that "Congress did not add any language limiting the breadth of that word, and so we must read § 924(c) as referring to all 'term[s] of imprisonment,' including those imposed by state courts." *Id.* at 5.  Following *Gonzalez*, the Supreme Court similarly construed the phrase "any false statement" in Section 1001 without limitation.  *Brogan v. United States*, 522 U.S. 398, 400 (1998) (stating that "[b]y its terms, 18 U. S. C. § 1001 covers 'any' false statement - that is, a false statement "of whatever kind.").  The plain reading of the Guideline, then, requires this Court to construe "any person" without limitation and distinct from "any victim."

                                                  Respectfully submitted,

                                                  RACHAEL S. ROLLINS
                                                  United States Attorney

By:   */s/ Steven H. Breslow*
       STEVEN H. BRESLOW
       (NY2915247)
       Assistant U.S. Attorney
       300 State Street, Suite 230
       Springfield, MA 01105
       413-785-0330
       steve.breslow@usdoj.gov

### Certificate of Service

     I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing and paper copies will be sent to those indicated as non-registered participants.

                                              By:   */s/ Steven H. Breslow*
                                                     STEVEN H. BRESLOW
                                                     Assistant U.S. Attorney

Dated:   January 17, 2023